THE STATE OF FLORIDA, *Appellant*, v. WALTON COUNTY, FLORIDA, *Appellee.*

Division A.

Opinion filed January 28, 1929.

*L. L. Fabisinski,* for Appellant;

*D. Stuart Gillis,* for Appellee.

This suit is brought pursuant to Sec. 3296 et seq., Rev. Gen. Stats. of Fla., 1920 (Sec. 5106, Comp. Gen. Laws of Fla., 1927), to validate certain bonds of Walton County, Florida, issued under authority of Chap. 13528, Acts of 1927, Laws of Fla. There was an answer to the petition on the part of the State challenging the validity of the said bonds on the ground that they were issued in violation of Sec. 5 of Art. IX of the Constitution of Florida.

Sec. 5 of Art. IX of the Constitution, among other things, provides that the Legislature shall authorize counties in this State to assess and impose taxes for county purpose and for *no other* purpose. It is contended here that the bonds authorized by Chap. 13528, Acts of 1927, are not for a

county purpose as contemplated by Sec. 5 of Art. IX of the Constitution and that in consequence thereof no county taxes can be assessed and imposed to pay the interest and to provide a sinking fund to retire said bonds.

Chap. 13528, Acts of 1927, authorized the issuance of county bonds to purchase a site and to construct a hospital or hospitals in Walton county. The contention of appellant as to the validity of said bonds is grounded on the decision of this Court in McRae et al. v. McSwain et al., 95 Fla., 893, 116 So. R. 862.

In McRae et al. v. McSwain et al., Chap. 10514, Acts of 1925, was held void because it did not provide that the "general hospital" authorized therein .was for a county purpose and because the said Act did not authorize the County Commissioners of DeSoto County to purchase a site and erect said hospital.

In the main Chap. 10514, Acts of 1925, which was held void and inoperative in McRae v. McSwain, *supra,* and Chap. 13528, Acts of 1927, which is assaulted in the instant case are similar in purpose and construction but the very grounds on which Chap. 10514, Acts of 1925, was held void were cured in Chap. 13528, Acts of 1927, in that said last recited Act specifically authorizes the purchase of a site for the construction of the hospital or hospitals so authorized, and Secs. 13 and 19 of the said Act provide that said hospital or hospitals shall be for a public purpose and for the benefit of all the people of the county.

We think that such provisions bring Chap. 13528, Acts of 1927, within the purview of Sec. 5 of Art. IX of the Constitution so the decree of the chancellor below must be and is hereby affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.