M. E. KINSEY v. WALTON COUNTY BRIDGE AUTHORITY, E. L. HUGGINS, as Chairman, HOWARD L. CAWTHON, as Secretary, and G. B. CAMPBELL, as a Member of Walton County Bridge Authority.

186 So. 418.
Opinion Filed January 31, 1939.

*A. G. Campbell, Jr.,* and *W. F. Green,* for Appellant;
*D. Stuart Gillis,* for Appellees.

TERRELL, C. J.,—The legislature of 1937 enacted Chapter 18975, Laws of Florida, creating Walton County Bridge Authority and defining its powers and duties. The said creation will hereinafter be referred to as the "Authority." In December, 1938, the Authority adopted resolution providing for the issuance of negotiable revenue bonds in the aggregate sum of $416,000 to aid in the construction of a bridge and causeway, including approaches thereto across the eastern waters of Choctawhatchee Bay on State Road Number 152, connecting State Road Number 10 and State Road Number 115, in Walton County, said bonds to be payable solely from revenues derived from the operation of said bridge and from no other source.

In December, 1938, the Appellant, M. E. Kinsey, as complainant, instituted this suit by bill of complaint in the Circuit Court of Walton County praying that the Authority as defendant be restrained from issuing the proposed bonds described in its resolution. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

As grounds for reversal, it is contended that the Authority is an agency of the State, that the proposed bonds are such as are contemplated by Section Six of Article Nine of the Constitution, and are not proposed for a State purpose, that it is proposed to issue them without an approving vote of the people and that the Authority is for other reasons without power to issue them.

An examination of Chapter 18975, Special Acts of 1937, discloses that the Authority is a creature of the legislature without defined territorial limits. Its power is limited to

that of constructing and maintaining a public utility in Walton County, to-wit: a bridge and approaches thereto. It is prohibited from pledging any properties of the Authority, the State, or the County for the construction of said bridge. It is also prohibited from imposing any tax whatever for that purpose, only the revenues derived from the operation of the bridge can be pledged, and that is all the resolution proposes to do.

In this situation, it was not essential that the bonds be approved by an affirmative vote of the people as contemplated by Section Six of Article Nine of the Constitution. Board County Com'rs Pinellas County v. Herrick, 123 Fla. 619, 167 So. 386; State v. City of Hollywood, 131 Fla. 584, 179 So. 721. It is shown however, that two elections were held in Walton County, the political entity in which the Authority is domiciled, and in which elections a majority of the freeholders participated and approved the issuance of said bonds. Being the class of obligations they were, such elections were not essential and they cannot be said to add to or detract from the validity of the bonds. Brash v. State Tuberculosis Board, 124 Fla. 652, 169 So. 218. The doctrine of the last cited case is a complete answer to all these questions.

It is next contended that the construction of the proposed bridge is a new project and that there is no way of determining whether the revenues derived from its operation will be sufficient to fund said bonds as they mature.

It is shown that the authority has been offered an outright grant by the federal government to aid in the construction of said bridge and that this will be supplemented by a loan on liberal terms ample to complete it. No tax levy can be imposed on any properties to repay any part of either fund. We are confronted at this time with the power of the authority to issue the bonds; the value of the

investment, or what it will yield is not before us. These are questions that should have been settled by the administrative officers.

Other questions raised have been considered but a complete answer to them contrary to the contention of Appellant will be found in the decisions here cited and in State v. Over Seas Road and Toll Bridge District, 125 Fla. 481, 170 So. 109.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in the opinion and judgment.

JUSTICES BROWN and CHAPMAN, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.