## THE STATE OF FLORIDA v. ALACHUA COUNTY, et al.

16 So. (2nd) 288                                    January Term, 1944
January 11, 1944                                            En Banc

*T. E. Duncan,* for appellant.

*J. C. Adkins* and *J. C. Adkins, Jr.,* for appellees.

TERRELL, J.:

This appeal is from a final decree validating an issue of revenue certificates of Alachua County for the purpose of erecting and furnishing a nurses' home to house trained and cadet student nurses. The County Commissioners of the County found as a matter of fact that the nurses' home was necessary to the efficient management, conduct and operation of Alachua County Hospital, an institution constructed and administered by the County. A Federal government subvention was also made to aid the project.

It is contended that said revenue certificates are violative of Section Six, Article IX of the Constitution because they have not been approved by a vote of the freeholders in the manner therein provided.

There is no merit to this contention. Chapter 22207, Acts of 1943, authorizing the issue of said certificates provides in terms that the principal and interest thereof shall be paid from income derived from the nurses' home. The resolution of the County Commissioners authorizing the issuance of said certificates provides that they shall be payable solely from the income and revenue derived from the operation of the nurses' home and that they shall not be construed as a debt of the Alachua County payable from county funds or from any other fund except that derived from the operation of the nurses' home. In our view, this point is concluded against the contention of appellant by Hopkins v. Baldwin, 123 Fla. 649, 167 So. 677; State v. Dade County, 146 Fla. 331, 200 So. 848; Kinsey v. Walton County Bridge Authority, 136 Fla. 204, 186 So. 418, and like cases.

It is next contended that Chapter 22207 should be adjudicated to be invalid because it authorizes the construction of hotels, pipe lines, dwelling houses, and other structures which are not for public purposes as contemplated by said Act.

On this point, it is sufficient to say that we are confronted here solely with the construction of a nurses' home. There is ample showing in the record that this is such a structure as is contemplated by the Act. As to other structures named therein, we express no opinion as to its validity since we are concerned with none of them in this case. We therefore hold that as to the construction of the nurses' home such as is here described, the Act is valid. If it should later develop that there is an invalidity as to other structures such portions of the Act may be eliminated as provided in Section 14 when the invalidity is demonstrated. Town of Boynton v. State, ex rel. Davis, 103 Fla. 1113, 138 So. 639; State ex rel. Lane Drug Stores, Inc. v. Simpson, 122 Fla. 582, 166 So. 227.

It is next contended that the notice to apply to the Legislature for the passage of Chapter 22207, Acts of 1943, was not in compliance with Section 21, Article III of the Constitution and is therefore invalid.

The published notice complained of is as follows:

"An Act Authorizing and Conferring Powers Upon Alachua County, Florida, and Its Officers, to Finance, Construct, Maintain and Own Public Works Buildings"

The Legislature and the County Commissioners found as a matter of fact that the foregoing notice was sufficient to put the world on notice as to the purpose of the proposed legislation. It was duly published and under the recent holdings of this Court we are impelled to hold it sufficient. State ex rel. Watson v. City of Miami, 153 Fla. 653, 15 So. (2nd) 481; State of Florida, ex rel. Watson v. Crooks, et al., decided November 16, 1943, not yet reported.

It is also contended that the title to Chapter 22207 is not sufficient, that as proposed to be executed, it is in conflict with private enterprise contrary to its terms and provisions and that property owners and taxpayers were not made parties defendant in this litigation as the Act requires.

We have examined each of these contentions but find them devoid of merit. The judgment appealed from is therefore affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN and SEBRING, JJ., not participating.