THORNAL, Justice.
By direct appeal we have for review a final decree of a chancellor by which he passed directly upon the validity of two state statutes.
The Legislature enacted Chapter 57-1624, Sp.Laws of 1957, creating the Okaloosa County Water and Sewer District. The boundaries of the District are coterminous with the boundaries of Okaloosa County. By the 1957 act the District was authorized to construct water and sewer lines throughout the county, including such municipalities as desired to become members of the District. The act contained the usual provisions for financing improvements, fixing rates for services, and generally operating an improvement district of the type involved. Subsequently, the Legislature enacted Chapter 59-589, Laws of Florida 1959. By the later act it was provided that the first $12,500 of “race track funds” annually allocated to Okaloosa County would be allocated to the subject District “to be used in unincorporated areas of Okaloosa county for the purpose of construction and extension of water and sewerage facilities.” The 1959 act also provided that any municipality in Okaloosa County “may become a member of said district * * *.” The appel-lee Hilburn filed a complaint against the Board of County Commissioners seeking an injunction against the payment of any obligations of the District under the 1959 statute. It was contended in the complaint that both statutes were unconstitutional. The District was allowed to intervene. The chancellor upheld the 1957 statute which created the District. By the same decree the 1959 statute allocating the race track funds was held invalid. No assault is here made on that portion of the decree sustaining the validity of the 1957 act. In this respect, therefore, the decree is affirmed. The appellant District seeks reversal of that portion of the decree which invalidated the 1959 act.
The chancellor did not announce his reasons for the decree holding the statute unconstitutional. However, we will look to the assignments of error and briefs of the parties for the points of cleavage which we shall discuss.
The appellee contends that the 1959 statute is violative of Article III, Section 16, Florida Constitution, F.S.A., because of a title defect. The title to Chapter 59-589, supra, reads as follows:
“AN ACT relating to Okaloosa county, setting aside the first twelve thousand five hundred ($12,500.00) dollars annually of race track funds allocated to Okaloosa county, Florida, for the purpose of construction and extension of water and sewerage facilities in unincorporated areas; allowing any political subdivision may [sic] become a member of the Okaloosa county water district and name a member of said board.”
It is contended that the title is insufficient to indicate that the race track funds would be allocated to the appellant District. However, inasmuch as the title to an act is not required to specify the details of the statute itself, we have the view that the instant title adequately meets the requirements of the Constitution. It would alert any interested party to the fact that, in the body of the statute, the Legislature contemplated allocating the specified funds to Okaloosa County. In actuality, the act does allocate the money to the county through its Water and Sewer District.
*45 It is also contended that the notice of intention to introduce the act indicated that it would provide for the allocation of $15,000, rather than $12,500. The statute as ultimately passed is well within the confines of the published notice. It sufficiently meets constitutional requirements in this regard. Prescott v. Board of Public Instruction, 159 Fla. 663, 32 So.2d 731.
The appellee further suggests that the 1959 statute is vague and indefinite in that it provides no procedure for the expenditure of the race track funds allocated. The act does contain an expressed legislative directive regarding the purpose for which the funds could be spent. The 1957 statute adequately delineates the procedure to be employed by the District in the expenditure of funds and conduct of the affairs of the District. Inasmuch as the two statutes deal with the same specific subject, that is the creation, function, powers and duties of the District, they should be read in pari materia. When this is done the legislative guides and standards for the expenditure of funds are clearly defined.
The appellee further contends that the 1959 statute is unconstitutional because it authorizes the expenditure of county funds for municipal or non-county purposes. This argument derives from the fact that municipalities may become members of the Water and Sewer District.
We have many times held that taxes raised for the purpose of one governmental unit may not be employed to accomplish the performance of the functions of another level of government.
However, the income from parimutuel betting at Florida race tracks may be distributed by the state to the counties under Article IX, Section 15, Florida Constitution. Under this section the state funds are converted to county funds when distributed to the counties. We have held that these county funds cannot in turn be appropriated to the use of municipalities. City of Lynn Haven v. Bay County, Fla., 47 So.2d 894. Appellees would be on sounder ground if the funds in the instant case had been appropriated to the use of municipalities of Okaloosa County. However, this was not done. Chapter 59-589, supra, which is here under attack, specifically requires that the race track funds allocated to the District be used “in unincorporated areas of Okaloosa county * *
 If the money is to be used for a valid county purpose the legislative allocation will be upheld. Kirkland v. Phillips, Fla., 106 So.2d 909. The construction and operation of a water system has been held to be a valid county purpose. Board of County Commissioners of Pinellas County v. Herrick, 123 Fla. 619, 167 So. 386. The importance of a supply of fresh water, as well as a sewage disposal system, are both vital to the health of the people in the unincorporated areas. We, therefore, hold that the construction and operation of a water and sewer system constitute valid county purposes. This leads to the conclusion that the use Of county funds for such purposes is valid. We do not reach the question of the use of the race track funds within the municipalities for the simple reason that the statute itself specifically prescribes that the money be used in unincorporated areas of Okaloosa County. To that extent it does no violence to the Constitution.
As construed by this 'opinion we hold Chapter 59-589, Laws of 1959, to be a valid legislative enactment. The holding of the chancellor to the contrary must, therefore, be reversed.
It is so ordered.
THOMAS, Acting C. J., and ROBERTS, O’CONNELL, CALDWELL and SE-BRING (Ret.), JJ., concur.
TERRELL, J., heard argument but did not participate in decision.