QUESTIONS:
1. What funds, if any, must be transferred from the Southwest Florida Water Management District to the St. Johns River Water Management District pursuant to the transfer of territory between these two districts under Ch. 76-243, Laws of Florida?
2. What restraints are imposed on the use of the transferred funds by the St. Johns River Water Management District?
SUMMARY:
Chapter 76-243, Laws of Florida, changes and redraws the boundaries of the respective water management districts so as to transfer the Oklawaha River Basin, a subdivision of the Southwest Florida Water Management District, and certain other small amounts of territory in the Southwest Florida Water Management District to the St. Johns River Water Management District. Pursuant to that transfer, unspent basin tax revenue and receivables accrued to the benefit and use of the Oklawaha River Basin, its works and functions, and the properties situate within such basin should be transferred to the St. Johns River Water Management District. If the additional small amounts of transferred territory were included in one or more basin subdivisions of the Southwest Florida Water Management District, a proportionate share of the tax revenue and receivables from such basin or basins should also be transferred. The transferred revenue must be used by the St. Johns River Water Management District to finance basin functions as specified and required by s. 373.0695(2), F. S. Taxes levied to fund the district's general regulatory and administrative functions throughout the district may not be transferred pursuant to Ch. 373, F. S., as amended.
Your request, made on behalf of the Southwest Florida Water Management District, concerns the transfer of tax revenues from that district to another district pursuant to legislative changing or redrawing of district boundaries. Ordinarily this office will not render an opinion on the propriety of action by a public body at the request of another body not having supervisory authority. In the instant case, however, the requesting body has a direct and substantial interest in having the issues resolved. I note in passing that the members of the governing board of the Oklawaha River Basin, a subdivision of the requesting district, will become the members of the governing board of the newly formed Oklawaha River Basin in the St. Johns River Water Management District after transfer. Section 373.0693(8), F. S., as created by Ch. 76-243, Laws of Florida. The interests of this body and, consequently, the interests of the Southwest District, are affected by the St. Johns River Water Management District's use of any transferred tax revenues. I shall therefore answer your questions.
AS TO QUESTION 1:
Chapter 76-243, Laws of Florida, changes the boundaries of the respective water management districts and provides for the transfer of certain areas, personal property, and records pursuant to the change of boundaries. Under that act, the area presently constituting the Oklawaha River Basin, a subdivision of the Southwest Florida Water Management District (hereinafter called Southwest) will be transferred to the St. Johns River Water Management District (hereinafter called St. Johns). Section373.0693(8), F. S. (1976 Supp.). In addition, your request states that very small amounts of territory outside the Oklawaha River Basin subdivision are also transferred from Southwest to St. Johns. See metes and bounds description in s. 373.069(3)(c) and (d), F. S. (1976 Supp.). These changes became effective at 11:59 p.m. on December 31, 1976. The Southwest District's fiscal year began October 1, 1976, and it appears that the Southwest District has on hand unspent tax receipts as well as accrued tax accounts receivable and perhaps tax lien interests arising from levies in the transferred areas. Your question concerns the ultimate disposition of this revenue.
The Southwest District has two separate and distinct taxing powers. It may levy taxes districtwide for district purposes (general regulatory and administrative functions), under s.373.503(2), F. S. (1976 Supp.), and under Ch. 61-691, Laws of Florida. It may also levy taxes separately within subdivisions, known as basins, for basin purposes at the request of and with the approval of the respective basin governing boards. Section373.0697, F. S. (1976 Supp.), and s. 8, Ch. 61-691, Laws of Florida. The functions of the respective basin governing boards are set forth in s. 373.0695, F. S. Notwithstanding that all taxes are formally levied by the district, the annual budget for the basin and required tax levy to fund it must be approved by formal action of the basin board; thus the respective basins appear to be in effect taxing authorities as well. In any event, the taxes are levied for the use and benefit of the basin for statutorily prescribed basin purposes and in proportion to the benefits to be derived by the properties within the basin. Section 373.0697, F. S. (1976 Supp.).
Both the title and the text of Ch. 76-243, Laws of Florida, are devoid of any specific reference to tax revenue or to the transfer thereof. This omission makes legislative intent very difficult to ascertain. I nevertheless conclude, until the matter is clarified by authoritative judicial construction, that the Legislature did intend to require the transfer of those unspent tax revenues and tax accounts receivable which had accrued to the benefit of and for the use of the Oklawaha River Basin and its works and functions. This conclusion is based on the language of s.373.0695(2), F. S., which was left unchanged by Ch. 76-243, Laws of Florida, and which sets forth the uses to which basin revenues may be put:
(2) Basin board moneys shall be utilized for:
(a) Engineering studies of works of the basin.
 (b) Payment for the preparation of final plans and specifications for construction of basin works executed by the district.
 (c) Payment of costs of construction of works of the basin executed by the district.
 (d) Payment for maintenance and operation of basin works as carried out by the district.
(e) Administrative and regulatory activities of the basin.
 (f) Payment for real property interests for works of the basin.
 (g) Payment of costs of road, bridge, railroad, and utilities modifications and changes resulting from basin works.
Reading this subsection in light of the rule of constructionexpressio unius est exclusio alterius, see Thayer v. State,335 So.2d 815 (Fla. 1976); Interlachen Lakes Estate, Inc. v. Snyder,304 So.2d 433 (Fla. 1973); Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952), one may conclude that basin tax revenues may not be used for purposes other than those enumerated. Basin taxes in the Oklawaha River Basin were levied for these particular purposes, and the consequent tax revenue cannot be diverted to other purposes unless such diversion is expressly authorized by law. Dickinson v. Stone, 251 So.2d 268 (Fla. 1971); Taylor v. Williams,196 So. 214 (Fla. 1940); Supreme Forest Woodmen Circle v. Hobe Sound Co., 189 So. 249 (Fla. 1939); Oven v. Ausley, 143 So. 558
(Fla. 1932); Keefe v. Adams, 143 So. 644 (Fla. 1932).
It is clear that the Oklawaha River Basin to be formed after transfer is substantially the same entity as the basin prior to transfer, with the same governing board. Section 373.0693(8), F. S. (1976 Supp.). In the absence of statutory language suggesting a contrary intent, or expressing a design to divert this revenue, I conclude that those tax revenues and receivables raised in basin tax levies within the Oklawaha River Basin must be transferred to the St. Johns District for use in the manner provided by s.373.0695(2), F. S.
I find further support for this interpretation in s. 373.0697(3), F. S. (1976 Supp.), which determines that taxes levied thereunder are in proportion to the benefits derived by the several real estate parcels within the respective basins. This provision suggests that revenue raised by the Oklawaha River Basin tax levy cannot lawfully be spent in a manner which fails to benefit real property within that basin in proportion to the tax burden. Seealso s. 373.503(4), F. S. (1976 Supp.).
The reasoning above does not, however, apply to tax receipts and accounts receivable generated in the districtwide levy by the Southwest District for district purposes. Your request treats this issue as an assumption, and suggests that the Southwest District must determine the proper share of its district funds to be transferred. That revenue was raised to fund the district's general administrative and regulatory operating expenses and to finance district functions throughout the district. I note that Ch. 76-243, Laws of Florida, leaves the Southwest District intact as a viable governmental unit. I find no clear intent in the act to require the transfer of district revenue raised for district functions, either in express language or in restrictions on the use of that revenue. I therefore conclude that the act does not command such a transfer. See AGO 075-32, in which, among other things, I concluded that tax revenue collected by one special district could not be transferred to another special district;also see Okaloosa County Water and Sewer Dist. v. Hilburn,160 So.2d 43 (Fla. 1964); W.J. Howey Co. v. Williams, 195 So. 181
(Fla. 1940).
Finally, Ch. 76-243, Laws of Florida, does not address the subject of tax revenue generated by areas or properties transferred along with the Oklawaha River Basin, but not a part of that basin. I am unable to determine from your request whether or not this additional property was part of some other basin subdivision within the Southwest District. If the property did form part of another basin subdivision, it would seem to be required by the statutory provisions cited above that a proportionate share of the basin revenue in that basin be transferred along with the territory which generated it. If not, then no such transfer of revenue seems required.
AS TO QUESTION 2:
Your second question concerns the uses to which the St. Johns District may put the transferred revenue. Because I have construed Ch. 76-243, Laws of Florida, to require the transfer only of tax receipts and accounts receivable from basinwide levies in the Oklawaha River Basin (and any other basins of the Southwest District in proportion to the area or property transferred therefrom), my answer will concern only that revenue. Section373.0695(2), F. S. (quoted above), limits the use of funds raised in basinwide levies to specified purposes. I conclude the St. Johns District must use the transferred revenue for the purposes enumerated in that subsection.
Prepared by: David K. Miller Assistant Attorney General