Enid D. Earle Lee County Supervisor of Elections Fort Myers
QUESTIONS:
1. Who is responsible for the costs incurred in holding an election for the members of the Mat'lacha and Pine Island Fire Control District's governing board?
2. Are the provisions of s. 97.021(5), F. S., applicable to the Mat'lacha and Pine Island Fire Control District?
3. Are the provisions of s. 100.241(4), F. S., applicable to the Mat'lacha and Pine Island Fire Control District?
SUMMARY:
In light of the provision contained in Ch. 63-1558, Laws of Florida, as amended, imposing upon the board of county commissioners the duty and responsibility to initiate and conduct elections to choose the successors to the office of the governing board of the Mat'lacha and Pine Island Fire Control District and in the absence of any provision providing for the payment or reimbursement of such expenses by the district, the county is responsible for those expenses incurred in holding such an election.
This opinion is expressly limited to a consideration of the Mat'lacha and Pine Island Fire Control District.
AS TO QUESTION 1:
The Mat'lacha and Pine Island Fire Control District and its governing board were created by ss. 1 and 2 of Ch. 63-1558, Laws of Florida. Chapter 63-1558 was ratified by the qualified electors of the district and the district's establishment was approved by the voters at the 1963 general election as required by s. 12 of Ch. 63-1558. Section 13 of the special act required that the costs of such election be paid from the funds of the district, if created, otherwise by Lee County. Although Ch. 63-1558 has been subsequently amended by Chs. 65-1372 and 79-501, Laws of Florida, the amendatory provisions are not pertinent to and do not control your first question.
The successors of the original members of the district's governing board are required to be elected for staggered 4-year terms of office, and such elections `shall be initiated and conducted by the board of county commissioners.' In the event of `vacancies . . . leaving unexpired terms,' the Governor is to fill by appointment any such vacancies with persons qualified for such offices under the provisions of the special act. See s. 2, Ch. 63-1558, Laws of Florida. Pursuant to s. 114.04, F. S., as amended by s. 68, Ch. 79-400, Laws of Florida, vacancies in these elective district offices are to be filled by appointment by the Governor for the remainder of the elective term of office if there are fewer than 28 months remaining in the term, otherwise, until the first Tuesday after the first Monday following the next general election.
Apart from the above-quoted language contained in s. 2, Ch. 63-1558, Laws of Florida, the special act is silent as to which entity is responsible for the costs incurred in holding an election to choose a successor or successors to these elective district officers whose terms expire before the next general election. Compare s. 13, Ch. 63-1558, which clearly provides that the costs of the ratifying election shall be borne by the district, if created, otherwise by Lee County. See also s. 7, Ch. 79-501, Laws of Florida, which provides that the act amending Ch. 63-1558 shall take effect only upon approval by a majority vote of the qualified electors of Lee County residing within the district and voting in a referendum election called by the board of county commissioners and held in accordance with the general election laws and that the costs of such approving or ratifying election shall be paid by the fire control district.
The language contained in s. 2, Ch. 63-1558, Laws of Florida, however, providing that the board of county commissioners `shall initiate and conduct' the elections for the district board members, is mandatory. See Florida Tallow Corp. v. Bryan,237 So.2d 308 (4 D.C.A. Fla., 1970) (word `shall' when used in statute or ordinance has, according to its normal usage, a mandatory connotation); Harper v. State, 217 So.2d 591 (4 D.C.A. Fla., 1968), writ discharged, 224 So.2d 684 (Fla. 1969); and Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (1 D.C.A. Fla., 1963). Thus, with respect to the instant inquiry, the Legislature has placed on the Lee County Board of County Commissioners the duty and responsibility of initiating and conducting elections to choose the successors to the office of the district's governing body. It is a responsibility which cannot be avoided; administrative officials cannot arbitrarily refuse to call an election when directed to do so by the Legislature. See Anderson v. Town of Largo, 169 So.2d 481 (Fla. 1964) (if such executive or administrative officials do refuse to call an election, a court under its general equity powers can direct compliance with the legislative mandate), and Williams v. Keys, 186 So.2d 250 (Fla. 1950). Moreover, when the law imposes a duty on an officer or board, it also confers by implication a right to employ the means ano methods necessary to carry out the purpose or function expressly authorized. See generally AGO 079-59, and authorities cited therein, in which this office stated that a state board, required by law to administer a licensing examination, may incur such expenses and expend public funds as are necessary to administer the examination. Cf. Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566 (Fla. 1951), in which the court concluded that county funds could be expended in carrying out the provisions of s. 14, Ch. 27807, 1951, Laws of Florida, which provided that the board of county commissioners `shall call and hold' a ratifying election for the establishment of Palm Beaches Sanitary District.
It is a fundamental principle of law, however, that county funds may be spent only for an authorized county purpose. See AGO's 073-327 and 074-269. Whether a particular expenditure of funds will serve a county purpose is to be determined by the courts from the facts and circumstances of each case. Escambia County v. Board of Pilot Commissioners, 42 So. 696 (Fla. 1906). With regard to fire protection and emergency ambulance service, the county is itself expressly authorized to the extent not inconsistent with general or special law to provide fire protection and ambulance service within the county. See s. 125.01(1)(d) and (e), F. S., respectively. See also ss. 125.23-125.29, F. S. 1969, providing for the establishment of county fire control units and declaring such units to be county purposes, and s. 125.441, F. S. 1969, stating that the establishment of an ambulance service is a county purpose. Although the foregoing sections have been repealed by Ch. 71-14, Laws of Florida, s. 3(2) of Ch. 71-14 provides that `[t]he repeal of the foregoing . . . shall not be deemed to repeal or limit the powers of the board of county commissioners, but shall be deemed to continue and expand such powers and remove certain limitations heretofore prescribed by law.' This office on several occasions has considered the effect of the foregoing language and has concluded that counties may continue to exercise these specific powers formerly provided for in the sections subsequently repealed. See AGO's 079-64, 073-487, and 072-287. Thus, clearly, the county itself has the authority to provide and expend funds for fire protection and ambulance service within the county as valid county purposes. In Okaloosa County Water and Sewer District v. Hilburn, 160 So.2d 43 (Fla. 1964), the court concluded that the special act appropriating racetrack funds to the water and sewer district for the construction and extension of water and sewerage facilities in the unincorporated areas of the county was not unconstitutional as authorizing the expenditure of county funds for municipal or noncounty purposes, since the construction and operation of the water and sewer system constituted a valid county purpose. See also Town of Palm Beach v. City of West Palm Beach,55 So.2d 566 (Fla. 1951), in which the court considered whether county funds could be expended to finance the costs of a sewer district election. In considering the special district's enabling legislation which provided that the district's elections be called and held by the board of county commissioners, the court stated that the legislative grant of authority for the expenditure of county funds in the statute, although not final, was persuasive that such an expenditure would be an expenditure of county funds for a county purpose. In considering the purpose to be served by the special district, the court thus concluded that the expenditure of county funds for the holding of a referendum election as required by the special district's enabling legislation would be an expenditure of county funds for a county purpose.
While the Legislature has imposed upon the board of county commissioners the duty of conducting such elections, no provision has been made within the special act creating the Mat'lacha and Pine Island Fire Control District for either the district's payment or reimbursement of any expenses incurred by the Lee County Board of County Commissioners in calling and conducting the election of successors to the district's governing board. Compare
s. 153.61, F. S., which provides that the preliminary expenses for the creation and incorporation of water and sewer districts established pursuant to Ch. 153, F. S., including election expenses, `shall be payable out of general county funds, but shall be reimbursable expense to be paid from the proceeds of any bonds or other obligations issued by said district to accomplish the purpose of this law.' Cf. s. 98.091, F. S., which authorizes the supervisor of elections to deliver the records required for a municipal election to the municipal elections board or other appropriate election officials before the election and collect them after the election provided that the municipality reimburse the county for the actual costs incurred. See also s. 7, Ch. 79-501, Laws of Florida, which provides that, while the approving referendum shall be called by the board of county commissioners, the costs of such election shall be paid by the fire control district. Nor does it appear that the election of district board members is within the purview of s. 100.241(4), F. S., which requires that the actual costs of conducting an election or referendum in which only electors who are freeholders arequalified to vote shall be paid by the county, district, or municipality requiring the same to be held. Section 2 of Ch. 63-1558, Laws of Florida, specifies that the successors of the original members of the district's governing board shall be elected by a `majority vote of the qualified electors voting in the election.' The statute does not require that such electors also be freeholders within the geographical area of the district in which such election is to be conducted. Thus, the provisions of s. 100.241, F. S., are not applicable to or controlling of your first question.
Therefore, unless and until judicially or legislatively determined to the contrary and in light of the provision contained in s. 2, Ch. 63-1558, Laws of Florida, imposing upon the board of county commissioners the duty and responsibility for initiating and conducting the election of the successors to the original members of the fire district board, I am of the opinion that the county is responsible for any expenses incurred in such an election.
AS TO QUESTION 2:
Section 97.021(5), F. S., expressly defines `special election' for the purposes of the election code as `a special election called for the purpose of voting on a party nominee to fill a vacancy in the national, state, county, or district office.' (Emphasis supplied.) Section 2 of Ch. 63-1558, Laws of Florida, provides that election of successors to the original members of the fire control district's governing board be by a `majority vote of those qualified electors voting in the election'; the statute does not provide that such elections be partisan with the qualified electors voting on party nominees. Therefore, s. 97.021(5), defining `special election' for the purposes of the election code, is not applicable to the fire control district's election of board members.
AS TO QUESTION 3:
As discussed in question 1, s. 100.241(4), F. S., requires the actual costs of conducting an election or referendum in which onlyelectors who are freeholders are qualified to vote be paid by the county, municipality, or district requiring the election or referendum to be held. The special act creating the Mat'lacha and Pine Island Fire Control District does not require that those electors voting in the election of successors of the original members of the district's governing board be freeholders within the geographic area of the district in which the election is being conducted. Thus, the provisions of s. 100.241 are not applicable to the fire control district.
In summary, therefore, I am of the opinion that, in light of the provision contained in Ch. 63-1558, Laws of Florida, as amended, imposing upon the board of county commissioners the duty and responsibility to initiate and conduct elections to choose the successors to the office of the governing board of the Mat'lacha and Pine Island Fire Control District and in the absence of any provision providing for the payment or reimbursement of such expenses by the district, the county is responsible for those expenses incurred in holding such an election.
Prepared by:
Joslyn Wilson Assistant Attorney General