ROBERT E. WILLIS, *et al., Appellants,* v. SPECIAL ROAD AND BRIDGE DISTRICT NO 2, OSCEOLA COUNTY, FLORIDA, *Appellee.*

## Opinion Filed February 23, 1917

1. Action taken pursuant to a statute must accord with the provisions of the Statute, and must not conflict with the requirements of organic law.

2. The intent of a statute is the gist of the enactment, and a material disregard of the statutory intent is a violation of the substance of the enactment.

3. Where a statute merely authorizes the formation of a taxing district through action taken by persons or officials, the statutory intent should be observed in substance, and the legality and reasonableness of the action taken under the statute are subject to judicial review.

4. A statute does not contemplate an unreasonable exercise of authority conferred by it, particularly when the taxing power and material property and personal rights are involved.

5. A purpose of the statute authorizing Special Road and Bridge Districts to be formed in counties is to avoid unfair tax burdens upon persons and property so remote from roads constructed by general county taxation as to receive no advantage therefrom commensurate to their tax contributions for such purposes.

6. The statute authorizing the formation of Special Road and Bridge Districts in a county, contemplates the formation of

VOL. 73, JANUARY TERM, 1917,        447

Willis et al. v. S. R. & B. Dist. No. 2—Opinion of Court

districts with some fair reference to the advantages accruing therefrom to the persons and property bearing the tax burdens assumed for the construction and maintenance of such roads and bridges.

Appeal from Circuit Court for Osceola County; Jas. W. Perkins, Judge.

Order reversed.

*Johnston & Garrett, W. H. Baker* and *E. J. L'Engle,* for Appellants;

*John S. Cadel* and *Massey & Warlow,* for Appellee.

WHITFIELD, J.—Statutory proceedings were brought to validate bonds proposed to be issued by Special Road and Bridge District No. 2 in Osceola County. Certain taxpayers intervened with objections to the validation. The court ordered a validation and the intervenors appealed pursuant to the statute, Chapter 6868, Acts of 1915. Among the grounds of objections to validation that were presented by the intervening taxpayers is one that the petition on which the Special Road and Bridge District was formed and all the proceedings thereunder are "contrary to the intent, meaning and spirit of the said Special Road and Bridge Act as herein stated," numerous specifications being made. The Act is Chapter 6208, Acts of 1911, as amended by Chapter 6879, Acts of 1915.

An assignment of error is that the court erred in finding and holding that Special Road and Bridge District No. 2 is such a district as is provided for and intended to be established by the statute. As a basis for argument under this assignment it is stated by counsel for appellants "that the spirit of the Special Road and

Bridge Act was to provide for the construction, repair and maintenance of roads and bridges of a permanent nature in a contiguous and homogeneous territory on the initiation of the electors who are freeholders residing in such territory for their own benefit primarily and at their own costs; and the spirit of the act is violated by an attempt to graft on the territory so benefited a vast area with small voting population and defenseless."

The proposition is to issue $250,000.00 of district bonds, and to spend $200,000.00 in constructing less than thirty miles of road with brick and a few miles with dirt, clay or marl in the northern end of the district that is perhaps eighty miles or more in length, and the remaining $50,000.00 in constructing or improving much more than twice as many miles of road with dirt, clay or marl in other portions of the district very remote from the section in which four-fifths of the common fund is to be used.

Action taken pursuant to a statute must accord with the provisions of the statute, and must not conflict with the requirements of organic law. See State *ex rel.* Railroad Commissioners v. Florida East Coast R. Co., 69 Fla. 165, 182; State *ex rel.* Railroad Commissioners v. Louisville & N. R. Co., *et al.*, 62 Fla. 315.

The intent of a statute is the gist of the enactment, and a material disregard of the statutory intent is a violation of the substance of the enactment. See Axtell v. Smedley & Rodgers Hdw. Co., 58 Fla. 430; Curry *et al.* v. Lehman, 55 Fla. 847.

Where a district or other subdivision to constitute a unit for taxation is formed by direct legislative enactment, the reasonableness of the statute is ordinarily not a subject of judicial inquiry. But where a statute merely authorizes the formation of a taxing district through ac-

tion taken by persons or officials, the statutory intent should be observed in substance, and the legality and reasonableness of the action taken under the statute are subject to judicial review. A statute does not contemplate an unreasonable exercise of authority conferred by it, particularly when the taxing power and material property and personal rights are involved. A statute complete in itself may authorize the details of its execution to be formulated by specified persons or officers, within the limits fixed in the statute. But an arbitrary exercise of authority conferred is not contemplated and may be prevented or redressed in due course of law. Unreasonable action taken under color of authority that materially affects substantial rights of persons is contrary to the principles upon which our system of government is founded.

A purpose of the statute authorizing Special Road and Bridge Districts to be formed in counties is to avoid unfair tax burdens upon persons and property so remote from roads constructed by general county taxation as to receive no advantage therefrom, commensurate to their tax contributions for such purposes. In this view, the statute contemplates the formation of districts with some fair reference to the advantages accruing therefrom to the persons and property bearing the tax burdens assumed for the construction and maintenance of such roads and bridges. Of course considerable latitude was contemplated and should be allowed in forming districts to meet the varying situations that may arise; but an arbitrary inclusion of large areas of territory in a district for purposes of special taxation, when such territory is very remote and perhaps disconnected from the location of roads on which the greater part of the bond money is to be expended, so as to unreasonably and arbitrarily impose taxes

upon property and persons, is clearly a violation of the intent and purpose of the statute; and relief against such arbitrary action taken under the statute may be had in the courts by due course of procedure. Similar principles and limitations control action taken in locating roads, in the character of the roads constructed and in expenditures made under the statute.

In this case it appears that the greater part of the territory included in Special Road and Bridge District No. 2, Osceola County, Florida, is a score and more miles away from and only remotely connected with the more populous portion of the district which covers relatively only a fractional part of the territory, but in which relatively small territory nearly all the bond money is to be spent on a very small portion of the roads contemplated, while the large area will receive a fraction only of the expenditures and the advantages to accrue therefrom. It is no answer to say that a majority of the voters in the district have approved the action taken, since the electors could only approve or reject the proposal as made by the petition and the action taken thereon. The petition suggests the territory to be included, the roads to be constructed and the funds to be raised; and the territory included may designedly or otherwise contain a majority of electors to approve the proposal, leaving the minority remediless if the courts do not redress wrongs that may result from an improper use made of the authority conferred by the statute to formulate districts and impose tax burdens. While the courts will not interfere with the exercise of discretion within proper and reasonable bounds, yet where there is a clear misapprehension of authority conferred or an abuse of discretion or authority, relief may be obtained.

The order validating the bonds is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.