D. L. McSwain, et al., *Appellants*, v. Special Road and Bridge District Number Two, DeSoto County, Florida, *Appellee*.

Opinion Filed April 20, 1921.

1.  Where bonds of a governmental subdivision are to be issued by administrative officers under statutory authority, the requirements of the statute conferring the authority must be substantially complied with in all material particulars or the bonds will not be valid, in the absence of permissible confirming or validating statutes.

2.  The statute authorizing the formation of Special Road and Bridge Districts in a county, contemplates the formation of districts with some fair reference to the advantage accruing therefrom to the persons and property bearing the tax burden assumed for the construction and maintenance of such roads and bridges.

An Appeal from the Circuit Court for DeSoto County: George W. Whitehurst, Judge.

Reversed.

*Treadwell & Treadwell,* for Appellants;

*R. E. Brown,* for Appellee.

Whitfield, J.—Statutory proceedings were brought to validate bonds proposed to be issued by the road and bridge district. The court validated the bonds, and the intervenors, taxpayers, appealed as provided by the statute. Chapter 6237, Acts of 1911; Sec. 4, Chap. 6879, Acts of 1915; Secs. 1647, 1649 and 1664, Rev. Gen. Stats. 1921.

Section 3, Chapter 6208, Acts of 1911, provides that the notice of election under which the Special Road and Bridge District was formed and the issue of bonds was authorized, "shall set out the territory proposed to be included in the Special Road and Bridge District, a general description of the roads and bridges proposed to be constructed, together with the estimated cost of same and the manner in which payment for the construction of same is to be made."

The notice given states that the election was "to determine whether or not the said territory shall be constituted into a Special Road and Bridge District of DeSoto County, Florida, and the proposed roads and bridges thereby constructed and, that if constructed, to determine whether or not the improvements and road construction shall be paid for by the issue and sale of bonds of the said Special Road and Bridge District to the amount of $60,-000.00 as is specified in the petition therefor."

The notice designates the territory to be included in the special road and bridge district, and a general description is given of the roads and bridges proposed to be constructed; but the notice does not contain a statement of the estimated cost of the roads and bridges as is expressly required by the statute. The statement in the notice that the election was called to determine whether or not the improvements and road construction shall be paid for by the issue and sale of bonds to the amount of $60,000.00 as specified in the petition therefor," is not a statement of "the estimated cost" of the roads and bridges, and the petition referred to was not made and published as a part of the notice. The notice is insufficient to authorize the issue of the bonds. Where bonds of a governmental subdivision are to be issued by

administrative officers under statutory authority, the requirements of the statute conferring the authority must be substantially complied with in all material particulars or the bonds will not be valid, in the absence of permissible confirming or validating statutes. As the notice was substantially defective, the validation of the bonds was error.

If further action is taken with a view to issuing bonds for the district, attention should be given to the principle announced in Willis v. Special Road and Bridge District No. 2, Osceola County, Florida, 73 Fla. 446, 74 South. Rep. 495, that "the statute authorizing the formation of Special Road and Bridge Districts in a county, contemplates the formation of districts with some fair reference to the advantages accruing therefrom to the persons and property bearing the tax burdens assumed for the construction and maintenance of such roads and bridges."

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.