CONSOLIDATED LAND COMPANY, A CORPORATION, PRUDENTIAL LAND COMPANY, A CORPORATION, AND FRANKLIN LAND COMPANY, A CORPORATION, *Appellants*, v. FRANK M. TYLER, AS TAX COLLECTOR OF ST. LUCIE COUNTY, FLORIDA, F. C. POPPELL, AS TAX ASSESSOR FOR ST. LUCIE COUNTY, FLORIDA, W. L. FREDERICKSEN, B. P. PITCHFORD AND C. H. TAYLOR, AS MEMBERS OF AND CONSTITUTING THE BOARD OF COMMISSIONERS OF JENSEN BRIDGE DISTRICT, AND BOARD OF COMMISSIONERS OF JENSEN BRIDGE DISTRICT, A BODY CORPORATE, AND SIDNEY SPITZER, JOHN S. HARFIS, L. W. HORTON, C. J. FISHER AND V. P. OATIS, COPARTNERS DOING BUSINESS AS SIDNEY SPITZER & COMPANY, *Appellees*.

En Banc.

Opinion Filed May 15, 1924.

Petition for Rehearing Granted July 14, 1924.

Ordered August 2, 1924, that the orders appealed from shall stand reversed.

1. The validity of a tax levied only in a district or subdivision of a county for a public purpose may depend upon the nature of the public purpose to be served and its special or peculiar relation to the property in the district, at least where public health, safety or morals are not involved; and property in the district cannot lawfully be taxed for public improvements or facilities if such tax for any reason substantially and materially imposes an unjustly discriminating burden upon the property without any resulting compensations, benefits or advantages, and the tax levy is an arbitrary exertion or an abuse of governmental authority.

2. The Constitution contains no provision for the creation of bridge or other districts within a county for local public improvements or facilities to be paid for by taxation upon

property within the particular district; yet, the Constitution not forbidding, it is within the lawmaking power, of the legislature by a duly enacted statute, to establish within a county a district, and to impose particular taxes upon property within the district to pay for a public local improvement or facility, when the formation of the district has at least some special or peculiar relation to benefits or advantages to accrue either directly or indirectly from the particular improvement or facility, and the property within the district is taxed with some substantial relation to benefits or advantages that reasonably may result to the property or to the owners thereof from the improvement or facility contemplated; and, when duly called upon to protect private rights from alleged unlawful invasion by taxes imposed in the district, the courts, without failing to fully perform the judicial functions, will accord a wide latitude in the premises to the legislative discretion.

3. Where a district is created, though for a proper public local improvement or facility, and its formation, whether by statute or under legislative authority, has no just relation to some appreciable or substantial benefits or advantages that reasonably may directly or indirectly accrue from the contemplated improvement or facility, but is purely arbitrary and a plain abuse of governmental power, in attempting to unjustly impose the burden of a peculiarly county or State function or purpose on the property of the district alone, or by attempting to arbitrarily and unjustly include within the district, property of considerable area or value that cannot conceivably be in any way benefitted by the contemplated improvement or facility, or by attempting to impose arbitrary and unjustly discriminating or oppressive tax burdens upon property within the district, or by otherwise so exercising the governmental power as to violate organic property rights, the courts will in appropriate proceedings duly taken, give effect to private rights secured by the Constitution by adjudging and enforcing such relief against unlawful taxation as the circumstances of a justiciable case may justify.

An Appeal from the Circuit Court for St. Lucie County; DeWitt T. Gray, Judge.

Orders reversed.

*Knight & Adair* and *Reynolds & Rodgers,* for Appellants;

*J. Turner Butler and Fred Fee,* for Appellees.

WHITFIELD, J.—This appeal is from orders denying temporary injunctions and sustaining demurrers to an amended bill of complaint which in effect seeks to enjoin the collection of *ad valorem* taxes upon lands levied under Chapter 8828, Special Acts of 1921, which statute incorporates "a Special Taxing District in St. Lucie County, Florida, to be known and designated as Jensen Bridge District. Among other matters it is in effect contended, under supporting allegations admitted by the demurrers, that appellants' lands included in the bridge district are so located and conditioned with reference to the contemplated bridge that such lands can in no conceivable way receive any benefit whatsoever from the construction of the bridge and that the inclusion of such lands within the district and the levy upon the lands of the particular tax to construct the bridge, is an arbitrary exercise and abuse of governmental power that invades appellants' organic property rights. The appellees insist that the Legislature has not exceeded its power in forming the district and in providing for the *ad valorem* tax on all property in the district to pay for the construction of the bridge.

The validity of a tax levied only in a district or subdivision of a county for a public purpose may depend upon the nature of the public purpose to be served and its special or peculiar relation to the property in the district, at least

where the public health, safety or morals are not involved; and property in the district cannot lawfully be taxed for public improvements or facilities if such tax for any reason substantially and materially imposes an unjustly discriminating burden upon the property without any resulting compensations, benefits or advantages, and the tax levy is an arbitrary exertion or an abuse of governmental authority.

The Constitution provides that the State shall be divided into political divisions to be called counties, and also provides for county taxation for county purposes. Organic provision is also made for municipalities and for taxation for municipal purposes, and also for special tax school districts to be organized within a county and for the imposition of taxes within each such district for its special public school needs. The Constitution contains no provision for the creation of bridge or other districts within a county for local public improvements or facilities to be paid for by taxation upon property within the particular district; yet, the Constitution not forbidding, it is within the lawmaking power of the Legislature by a duly enacted statute, to establish within a county a district, and to impose particular taxes upon property within the district to pay for a public local improvement or facility, when the formation of the district has at least some special or peculiar relation to benefits or advantages to accrue either directly or indirectly from the particular improvement or facility, and the property within the district is taxed with some substantial relation to benefits or advantages that reasonably may result to the property or to the owners thereof from the improvement or facility contemplated; and, when duly called upon to protect private rights from alleged unlawful invasion by taxes imposed in the district, the courts, without failing to fully perform the judicial functions will accord

a wide latitude in the premises to the legislative discretion. See Houck v. Little River Drainage Dist., 239, U. S. 254, 36 Sup. Ct. Rep. 58; Hunter V. Owens, 80 Fla. 812, 86 South. Rep. 839; Richardson v. Hardee, 85 Fla. 510, 96 South. Rep. 290. (261 U. S. 155, cited in 85 Fla. 510, 96 South. Rep. 290). Yet where a district is created, though for a proper public local improvement or facility, and its formation, whether by statute or under legislative authority, has no just relation to some appreciable or substantial benefits or advantages that reasonably may directly or indirectly accrue from the contemplated improvement or facility, but is purely arbitrary and a plain abuse of governmental power, in attempting to unjustly impose the burden of a peculiarly county or State function or purpose on the property of the district alone, or by attempting to arbitrarily and unjustly include within the district, property of considerable area or value that cannot conceivably be in any way benefited by the contemplated improvement or facility, or by attempting to impose arbitrary and unjustly discriminating or oppressive tax burdens upon property within the district, or by otherwise so exercising the governmental power as to violate organic property rights, the courts will in appropriate proceedings duly taken, give effect to private rights secured by the Constitution by adjudging and enforcing such relief against unlawful taxation as the circumstances of a justiciable case may justify. See Myles Salt Co. v. Board of Com'rs. of Iberia & St. Mary Drainage Dist., 239 U. S. 478, 36 Sup. Ct. Rep. 204; Gast Realty & Improvement Co. v. Schneider Granite Co., 240 U. S. 55, 36 Sup. Ct. Rep. 254; Kansas City Southern Ry. Co. v. Road Improvement District Number 6 of Little River County, Arkansas, 256 U. S. 658, 41 Sup. Ct. Rep. 604; Thomas v. Kansas City Southern R. Co. 261 U. S. 481, 67 L. Ed. 758, 43 Sup. Ct. Rep. 440; Willis v. Special Road

and Bridge Dist. No. 2, Osceola County, 73 Fla. 446, 74 South. Rep. 495; Paul Bros. v. Long Branch Special Road and Bridge Dist., 83 Fla. 706, 93 South. Rep. 687.

In this case the Legislature by statute created a taxation district consisting of a portion of St. Lucie County for the purpose of raising funds to protect a bond issue to erect a bridge across the Indian River, which river extends north and south through the eastern portion of the county and is separated from the Atlantic Ocean by a narrow strip of land. The contemplated bridge is to span the Indian River at a point in the southeastern part of the district, the territory of the district as formed being about 8 miles north and south and about 30 miles east and west. Several miles west of Indian River, the St. Lucie River with its wide sloughs and marshes extends practically north and south through the district, and communication by travel between the territory in the district west of the St. Lucie River and that east of such river, appears to be practically nil owing to the lack of means to cross the St. Lucie River and its sloughs, which are of very great width, the outlets from lands west of the St. Lucie River being to points in other, directions far removed from the bridge. It seems clear that the construction of the contemplated bridge will be a distinct and peculiar improvement and advantage in facilitating access to and the development of the narrow strip of land lying between the Indian River and the Atlantic Ocean; and to a greater or less extent the bridge will most likely be of similar or other substantial benefit to the land west of Indian River towards if not to the St. Lucie River or to the marsh lands adjacent to it; but it is apparent from the allegations admitted by the demurrer that much if not the greater part or all of the appellants' lands west of the St. Lucie River cannot in any substantial or appreciable way be benefited by the construction of the

bridge except as such land will share in consequential benefits or in some more or less remotely indirect way in common with and as other lands of the county may be benefited by the construction of a bridge across a navigable river in the county. The tax sought to be enjoined is not levied for ordinary governmental purposes or to conserve the public safety, peace, health or morals, but for a public facility that appears to be possibly beneficial in any particular or substantial way to only a portion of the territory included in the district.

The allegations of the bill of complaint that are admitted by the demurrers are a sufficient basis for proving an equity for such relief as may be appropriate, therefore the orders appealed from are reversed. The decision herein is confined to the peculiar facts shown by the record in this case.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.