ISAAC A. STEWART, *Appellant,* vs. NEW SMYRNA-CORONADO BEACH SPECIAL ROAD AND BRIDGE DISTRICT IN VOLUSIA COUNTY, FLORIDA, by W. P. WILKINSON, G. A. TYLER, W. C. JACKSON, T. K. APGAR, and W. H. McBRIDE, County Commissioners of Volusia County, Florida, and STATE OF FLORIDA, *Appellees.*

En Banc.

Opinion filed February 10, 1931.

*Stewart & Stewart*, for Appellant;

*Hull, Landis & Whitehair*, for Appellees.

PER CURIAM.—This is an appeal from a final decree validating Three Hundred Twenty-five Thousand ($325,-000) Dollars of bonds proposed to be issued by Appellee, New Smyrna-Coronado Beach Special Road and Bridge District, In Volusia County, Florida. The Appellee, district, was created by Chapter 13497 Acts of 1927, Laws of Florida. The constitutional validity of said act is challenged on various and sundry grounds.

On account of the condition of the pleadings, we do not decide but leave open, the question of whether or not Chapter 13497 was a valid enactment in view of Chapter 9657 Acts of 1925, Chapter 11280 Acts of 1925 and Chapter 13513 Acts of 1927, Laws of Florida relating to the same subject matter.

On the showing made in the record, we are convinced that the Appellee District as created by Chapter 13497 Acts of 1927, Laws of Florida, is invalid under the decision of this court in Consolidated Land Company et al. vs. Tyler, 88 Fla. 14, 101 So. 280. See also Willis vs. Special Road and Bridge District Number two of Osceola County, 73 Fla. 446, 74 So. 495.

The bonds so validated not having been issued as con-

templated by law, Section 4674 Revised General Statutes of 1920 (Section 6760 Compiled General Laws of 1927) are now controlled by section six of article nine of the constitution of Florida as amended at the general election held November 4, 1930. Potter vs. Lainhart et al. 44 Fla. 647, 33 So. 251.

It follows that the decree of the Chancellor below must be and is hereby reversed.

Reversed.

WHITFIELD, TERRELL AND BUFORD, J.J., concur.

STRUM, C.J., AND BROWN, J., concur specially.

ELLIS, J., not participating.

BROWN, J., (concurring):

While we may not consider the answer of the intervening taxpayer, the same having been erroneously captioned and hence not filed in this cause within the time fixed by the order of the court overruling the intervenor's demurrer to the petition for validation as amended, it appears that the act purporting to authorize the bond issue is void on its face for some of the reasons pointed out in the intervenor's demurrer, when tested in the light of the principles laid down in the Tyler and Willis cases cited in the above opinion, and other decisions of this court.

The act here in question contains a fundamental defect which makes the entire act unconstitutional and void. It purports to create a large special improvement tax district, comprising approximately one-fourth the area of Volusia County, and authorize a bond issue for the purpose of ''constructing, building, reconstructing, repairing and hardsurfacing the following roads and bridges in said district and liberating said bridges from tolls and charges,'' describing two bridges in the Northern por-

tion of the district, and "Any roadway or highway within the boundaries of said district which the Board of County Commissioners may deem advisable." The act then proceeds to leave to the determination of the county commissioners the manner of construction and the nature of the material to be used, and authorizes the construction of such bridges or culverts as may be necessary. It also authorizes the commissioners to liquidate the indebtedness, without naming the amount, outstanding against the two named bridges, out of the proceeds of the bond issue. It also authorizes the county board to levy an annual ad valorem tax upon all the real and personal property in the district sufficient to pay the principal and interest of the bond issue.

The legislature could not know in advance that the power to locate and build roads anywhere in the district the County Commissioners might see fit to build them would confer any special benefits upon the district as a whole, so as to justify an assessment of the cost against all property in the district. For aught that the legislature knew, the commissioners might decide to locate all the roads in the Northern part of the district in such a way as to confer no benefit whatever upon the Southern portion. So the act cannot amount to a legislative determination of such question of benefits, as might have been the case if the act had itself prescribed with some degree of certainty the location, route, or termini of such roads. The legislature cannot be held to have determined what it could not possibly have known, nor can it be held to have been able to predict how the power thus delegated to the county board would be exercised. Without deciding the question, it might be observed that possibly the validity of an act of this sort might have

been saved if it had provided for notice to and hearing of the owners of property in the district on the question of benefits as a condition precedent to authorizing the building of such roads as the county board might decide to build.

We are not here dealing with a constitutional governmental unit, such as a county, but with a special tax district. There is a vital difference between the two. In Jackson Lumber Co. v. Walton County, 95 Fla., 632, 116 So., 771, this court said:

"The question of whether the contemplated roads or any of them will or will not confer direct or special benefits upon the property of the interveners is not the proper test of the validity of the contemplated tax, in a case of this kind. We are here dealing with a governmental unit—the county—not a special tax road district. If a public road will be a benefit to the county as a whole, or to any substantial part of the county where the same may be located, the failure of such road to benefit either directly or indirectly the property of individuals situated in some other portion or portions of the county would not prevent the road from being a legitimate county purpose, for which the county, a constitutional unit, could levy an ad valorem tax on all the property in the county. Cooley on Taxation (4th Ed.) 89 and 119, and cases cited; Skinner v. Henderson, 26 Fla., 121, 7 So., 464, 8 L.R.A. 55; Lewis v. Leon County, *supra*."

Now as to special tax districts, created to bear the burden of taxation for public improvements such as roads and bridges, the rule is that such districts must be formed "with some fair reference to the advantage accruing therefrom to the persons and property bearing the tax burdens assumed for the construction and maintenance of such roads and bridges." Willis v. Special Road and

Bridge District, 73 Fla., 446, 74 So., 495. It was further said in the able opinion by Mr. Justice Whitfield in that case:

"Of course considerable latitude was contemplated and should be allowed in forming districts to meet the varying situations that may arise; but an arbitrary inclusion of large areas of territory in a district for purposes of special taxation, when such territory is very remote and perhaps disconnected from the location of roads on which the greater part of the bond money is to be expended, so as to unreasonably and arbitrarily impose taxes upon property and persons, is clearly a violation of the intent and purpose of the statute; and relief against such arbitrary action taken under the statute may be had in the courts by due course of procedure. Similar principles and limitations control action taken in locating roads, in the character of the roads constructed and in expenditures made under the statute. * * * * It is no answer to say that a majority of the voters in the district have approved the action taken, since the electors could only approve or reject the proposal as made by the petition and the action taken thereon. The petition suggests the territory to be included, the roads to be constructed and the funds to be raised; and the territory included may designedly or otherwise contain a majority of electors to approve the proposal, leaving the minority remediless if the courts do not redress wrongs that may result from an improper use made of the authority conferred by the statute to formulate districts and impose tax burdens."

The third headnote in Consolidated Land Co. v. Tyler, 88 Fla., 14, 101 So., 280, reads as follows:

"Where a district is created, though for a proper public local improvement or facility, and its formation, whether by statute or under legislative authority, has

no just relation to some appreciable or substantial benefits or advantages that reasonably may directly accrue from the contemplated improvement or facility, but is purely arbitrary and a plain abuse of governmental power, in attempting to unjustly impose the burden of a peculiarly County or State purpose on the property of the district alone, or by attempting to arbitrarily and unjustly include within the district, property of considerable area or value that cannot conceivably be in any way benefited by the contemplated improvement or facility, or by attempting to impose arbitrary and unjustly discriminating or oppressive tax burdens upon property within the district, or by otherwise so exercising the governmental power as to violate organic property rights, the courts will in appropriate proceedings duly taken, give effect to private rights secured by the Constitution by adjudging and enforcing such relief against unlawful taxation as the circumstances of a justiciable case may justify.''

Now this act does not show the character or location of any of the ''contemplated'' roads. It leaves their location within the district entirely to the discretion or lack of discretion of the county commissioners; but it specifically provides that, regardless of location, the entire district shall be burdened with an ad valorem tax to pay for them, and the result of the act is that they must pay whether benefited or not.

Taxes levied upon the property in a special improvement tax district are in the nature of special assessments for special benefits. If the burden is spread directly by the legislature, or by a political or municipal subdivision to which the State has granted full legislative powers over the subject, the owners of property within the district originally have no constitutional right to be heard on the question of benefits. Browning v. Hooper, 269

U. S. 396, 70 Law Ed. 330. But it was held in the cited case, that it was essential to due process of law that owners be given notice and due opportunity to be heard on that question where, as in that case, the district was not created by the legislature and there had been no legislative determination that their property would be benefited by the local improvement. Here, though the district was attempted to be created by the legislature, the local road improvements were not designated by that body, either as to character of construction or location. Therefore there could not have been any valid legislative determination of benefits to all property in the district from the construction of roads within the district, the kind and location of which were undesignated by and unknown to the legislature, and as the act failed to provide any opportunity for the owners of property in the district to be heard on this question of benefits, it denies due process of law, and the equal protection of the laws, and is therefore void under both State and Federal constitutions. To hold such an act as this valid would set a precedent for dangerous infringements of those basic rights of person and property which are protected by the constitutional fabric of our State and Country. As these fundamentally defective portions of the act cannot be fairly separated from the act as a whole, the entire act must fall. For these reasons I concur in the judgment of reversal.

STRUM, C.J., AND BUFORD, J., concur.