STATE OF FLORIDA v. CITY OF TAMPA, a Municipal Corporation

3 So. (2nd) 484

En Banc

Opinion Filed July 22, 1941

8

*J. Rex Farrior,* for Appellant.

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellee.

WHITFIELD, J.—This appeal is from a decree in proceedings under Section 5106 (3296) C. G. L. validating $2,000,000.00 Water Revenue Bonds bearing 4% per annum interest payable semi-annually, a lower rate of interest to be obtained if possible, the bonds to be issued by the City of Tampa without an approving vote of the electorate, the proceeds to be used for extensions and improvements of the existing water system of the city. The bonds and interest coupons thereon are to be paid solely from the net proceeds of the improved system on a parity with the bonded indebtedness of the city for the present water system, as authorized by House Bill No. 1490, Chapter 21593, No. 1385, Special Acts of 1941, subject, of course, to all controlling provisions and principles of law.

The Constitution provides that State bonds may be authorized only for the purpose of repelling invasion or suppressing insurrection. Prior to the adoption in November, 1930, of amended Section 6, Article IX, the Florida Constitution contained no express limitation upon the inherent power of the Legislature to authorize duly established counties, districts and municipalities in the State to issue bonds payable by taxation or otherwise for county, district or municipal purposes. There were, however, and still are, implied organic limitations upon the statutory power to authorize such bond issues and also upon the exercise of authority conferred. See Sec. 5, Art. IX, Constitution; State v.

L'Engle, 40 Fla. 392, 24 So. 539; Paul Bros. v. L. B. & L. Spec. Rd. & Bridge Dist., 83 Fla. 706, 92 So. 687; Getzen v. Sumter Co., 89 Fla. 45, 103 So. 104; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716; Monroe v. Reeves, 71 Fla. 612, 71 So. 922; Consolidated Land Co. v. Tyler, 88 Fla. 14, 101 So. 280; Willis v. Spec. Rd. & Bridge Dist., 73 Fla. 446, 74 So. 495; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; State v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298.

Under amended Section 6, Article IX, of the Constitution, the counties, districts and municipalities in this State shall have power to issue original bonds only after the approval of a required vote of the freeholder electors. Refunding bonds designed solely to continue existing valid bonds or the interest thereon, may be issued by counties, districts or municipalities without an approving vote of the electorate only when done in required compliance with all the applicable provisions of the Constitution and statutes.

Amended Section 6, Article IX, Constitution, does not forbid the issue by taxing units of written interest-bearing evidences of indebtedness, whether called bonds or certificates, provided such indebtedness is not to be paid by taxation of any nature or by the use, pledge or application of any property other than the net proceeds from the operation of the property acquired through incurring indebtedness for a necessary public utility or facility to serve the immediate requirements of the public health, safety or welfare; and the evidences of indebtedness and the proceedings for their validation and issue should definitely state that payment of principal and interest of such indebtedness will be paid in whole or in part *solely* from the

net receipts from the operation of the public utility or facility acquired by means of the indebtedness. Authority to incur and evidences of such indebtedness must be in pursuance of valid express and sufficient statutory authority.

"Restrictions imposed on municipalities against issuance of bonds without approving vote have no application to that form of municipal financing required to be done in order to keep municipal utilities in operation (Const. Art. IX, Sec. 6, as amended in 1930)." H. N. 7, State & Diver v. City of Miami, 113 Fla. 280, 152 So. 6.

"The adoption in 1930 of the amendment to Section 6 of Article IX of the Constitution, in view of then existing conditions in municipalities, *necessarily contemplated* that public health, safety, and physical economic human necessity might imperatively and unavoidablv require *then existing* public utilities or facilities that are *essential* to public health and safety, and to the physical and economic necessity of the community, and not *merely desirable or convenient* to serve the community or to public welfare, should be *continued, maintained* or *improved* or *extended* to meet immediate and imperative public needs; and that if *necessary* to preserve or improve the service, and no other means are attainable, the *net income* received from such *existing and continued* or *improved necessary* utility or facility may, without an approving vote of the freeholder electors, be anticipated and pledged for funds to maintain and continue, or to make *imperatively necessary* improvements or extensions of such existing public utility or facility, when a sufficient earning capacity of the utility or facility is

shown, and no new or additional tax, charge or lien is imposed and no property or new or increased taxing resource of the unit is directly, indirectly or contingently pledged or used for the continuance, improvement or extension of *an existing necessary* public utility or facility, but payment of the funds borrowed for making the improvements or extensions are expressly confined to the net receipts from the operation of the utility or facility, a tax or property liability or charge being expressly excluded." Williams v. Town of Dunnellon, 125 Fla. 114, text page 123, 169 So. 631, and authorities cited.

House Bill No. 1490, Chapter 21593, No. 1385, Special Acts of 1941, confers upon the City of Tampa authority to issue not exceeding $2,000,000.00 of Water Revenue Bonds with interest coupons thereon, payable as stated therein, without the approving vote of the electorate, the bonds to be paid solely from the net revenues of the improved and extended water system of the city on a parity with other bonded indebtedness of the city for its water system, after paying all expenses of maintenance and operation. See Section 7 of above cited Chapter 21593, and Section 8, Article VIII, of the Constitution.

The petition for validation, service of a copy thereof on the State Attorney and the publication of notice of the hearing addressed to the taxpayers and citizens of the city, accord with the requirements of the statute.

By answer the State Attorney in effect denies generally the sufficiency of the petition and/or Chapter 21593 or of any law to authorize the issuance of the Water Revenue Bonds in the form and manner proposed; avers in effect that Resolution No. 6782-B

under which the Water Revenue Bonds are to be issued, is void and of no effect for the reason that it violates the statute and the Constitution, the proposed Water Revenue Bonds not having been approved by the required electorate under amended Section 6, Article IX, of the State Constitution.

No citizen or taxpayer of the city intervened as provided for by the validating statute.

The proceedings for issuing the Water Revenue Bonds as stated in the record in this case are authorized by the statutes and are in compliance with the essential requirements of the statutes. Resolution No. 6782-B, adopted for the issuance of the proposed Water Revenue Bonds, is in substantial compliance with the requirements of applicable statutes, and the petition for validation is legally sufficient. Payment of the Water Revenue Bonds by taxation or by the use or pledge of city property is negatived. The fixing of water rates by the city to provide revenue to pay the Water Revenue Bonds is provided for, and is not shown to be illegal. Abuse of authority conferred may not be anticipated; and any such abuse may be remedied by due course of law. Obligations of the city to pay in due course and at reasonable rates for water lawfully used by it, are merely incidental to the maintenance and use of the necessary public utility to be operated and paid for solely by receipts from its own operation, and no illegality is shown.

The existing waterworks system owned and operated by the city is not submerged without provision for its portions of the revenues of the unified system to be appropriately applied for the benefit of the city in paying debts incurred by the city for the existing

waterworks system and other lawful uses of the city; but it is expressly provided that the net revenues from the water system when extended or improved shall be used to pay the indebtedness of the city incurred for the existing waterworks system on a parity with the indebtedness to be incurred for the proposed extensions and improvements to the existing system, the original system and the extensions or improvements thereof being an improved, unified system that is imperatively necessary for the health and welfare of the public in the city and its environs. No violation of contract rights is shown.

On legal evidence adduced, the trial court in effect found that stated improvements or extensions to the present City of Tampa waterworks system are necessary to the extent indicated for the public health and welfare; and that the showing of past net earnings of the water system and the reasonable prospects for future earnings indicate that a continuance and increase in such net earnings when the extensions are made, will produce more than sufficient net water receipts from the extended unified system to pay in full all the indebtedness of the city for the present system as well as to pay, as covenanted, the indebtedness to be incurred for the extension and improvement of the existing water system by issuing the proposed $2,000,000.00 of Water Revenue Bonds. This being established by judicial decree as authorized by law, there is on this record no showing of illegality in the authorized parity of payments or otherwise in the proposed bond issue. If abuses occur in operations under the statute, the law affords a remedy. See Section 4, Declaration of Rights, Constitution. By

stipulation the mandate herein will be issued upon the filing of this opinion and the entry of decree here.

Affirmed.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN and THOMAS, J. J., concur.

ADAMS, J., not participating.