**THE STATE OF FLORIDA v. CITY OF WINTER PARK, FLORIDA**

34 So. (2nd) 740                               January Term, 1948
April 13, 1948                                 Division A

*Murray Overstreet,* for appellant.

*Waldo H. Plympton,* for appellee.

TERRELL, J.:

The appeal is from a final decree validating sewer Revenue Bonds of the City of Winter Park, issued for the purpose of purchasing and constructing improvements and additions to the sanitary sewer of the City, the principal and interest of said bonds payable solely from the gross revenues derived from the operation of the sewer system and in addition thereto the net proceeds of a utility service tax, and from no other source.

It is first contented that the City cannot pledge the gross revenues derived from the sewer system to the payment of the sewer Revenue Bonds without an approving vote of the freeholders as required in Section 6, Article IX of the Constitution.

There is no merit to this contention. The Sewer Revenue Bonds were issued pursuant to Chapter 24,992, Special Acts of 1947. The act and the resolution providing for their issue declare that they are not bonds as contemplated by Section 6, Article IX of the Constitution, that they do not constitute an indebtedness of the City of Winter Park and that no holder or holders of said Sewer Revenue Bonds or any coupon attached thereto can under any circumstances compel the exercise of the taxing power on real or personal property within the City to pay said bonds or the interest thereon. Board of County Commissioners of Pinellas County v. Herrick, 123 Fla. 619, 167 So. 386; Brash v. State Tuberculosis Board, 124 Fla. 652, 169 So. 218, and many other cases upheld the validity of similar bonds.

It is next contended that the Sewer Revenue Bonds in question are violative of Section 6, Article IX of the Constitution, because they pledge the net proceeds of the utility service taxes for their payment and have not been approved by a vote of the freeholders.

This question might have appropriately been treated with the first question. The utility service tax is an excise tax

which the City is authorized to impose on each and every purchase of electricity, metered or bottled gas, water service, telephone or telegraph service in an amount not exceeding ten per cent of the sum received from the purchaser within the City. Such taxes are derived from the proceeds of the utility and they are controlled by the same resolution as the taxes discussed in the preceding paragraph. The following cases treated and upheld bonds serviced by a similar tax: State v. Florida State Improvement Commission, 159 Fla. 350, 31 So. (2nd) 554; Prescott v. Board of Public Instruction of Hardee County, 159 Fla. 663, 32 So. (2nd) 731; State v. State Board of administration, 157 Fla. 360, 25 So. (2nd) 880; State v. Escambia County, 153 Fla. 282, 14 So. (2nd) 576.

It follows that the Sewer Revenue Bonds validated by the decree appealed from were expressly authorized by Chapter 24,992, Acts of 1947, that they do not constitute bonds within the contemplation of Section 6, Article IX of the Constitution, because they are not secured by a pledge of the taxing power on any property or utility of the City. They expressly state that no lien is created by them on any real or physical assets of the city. They are limited obligations of the City payable solely from the sources discussed in this opinion and no others.

The judgment appealed from is therefore affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.