This appeal is from a final decree validating an issue of utility Tax Revenue Certificates by the City of Lakeland. The proposed issue is for street, sewer and other municipal improvements and will be hereafter referred to as revenue certificates. The sole pledge of the city for payment of principal and interest on said revenue certificates is the net proceeds of utilities service taxes imposed by the city.
It is first contended that the City of Lakeland was devoid of authority to pledge its utility service taxes for payment of the revenue certificates without an approving vote of the freeholders.
If the City Charter, Chapter 10754, Sp.Acts of 1925, as amended by Chapter 22829, Acts of 1945, F.S.A. § 167.43 — 1, did not confer such authority there can be no doubt that it was conferred by Chapter 26448, Sp.Acts of 1949. The latter act expressly validated all covenants and provisions of the ordinance and other proceedings of the city providing for the issuance of the revenue certificates brought in question. The latter act further authorized the city to continue the levy and collection of the utilities service taxes so long as the certificates are outstanding. The following cases conclude the question contrary to the contention of appellant: State v. City of Winter Park,160 Fla. 330, 34 So.2d 740; State v. City of Pensacola, Fla., 40 So.2d 569; Schmeller v. City of Fort Lauderdale, Fla., 38 So.2d 36.
It is next contended that the City of Lakeland was devoid of authority to covenant with the holders of the revenue certificates, that so long as any of them were outstanding the city would continue the levy of the utility service taxes during the life of said revenue certificates and that it would in no wise modify or repeal the ordinance levying the taxes to service them.
This contention is likewise without merit. As pointed out in the discussion of the previous question, the power of the city to *Page 581 
issue the revenue certificates is beyond question. It had that power when the revenue certificates were issued and validated and having such power at that time, it may not be later impaired by the city or the legislature. To admit that this contention had any merit would in effect preclude any bond issues for future betterments or improvements by all governmental entities.
We therefore conclude that there is no basis for the contention that the revenue certificates in question must be supported by an approving vote of the freeholders. The ordinance and other proceedings authorizing them provide in terms that they shall not be a debt of the city, supported by a pledge of its full faith and credit, but that both principal and interest shall be payable solely from the proceeds of the utilities service taxes and from no other source, and that each revenue certificate shall so recite. It is also clear that said revenue certificates are not secured by a lien on the physical properties of the city nor are they supported by an ad valorem tax levy.
The judgment appealed from is therefore affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.