47 So.2d 515 (1950)
STATE et al.
v.
CITY OF POMPANO BEACH.
Supreme Court of Florida, Division A.
July 28, 1950.
*516 Phil O'Connell, West Palm Beach, and Dwight L. Rogers, Jr., Fort Lauderdale, for appellants.
W. Marion Walton, Pompano, for appellee.
TERRELL, Justice.
This appeal is from a final decree of the Circuit Court of Broward County validating City Hall revenue certificates of the City of Pompano Beach. The court found that all legal prerequisites leading up to the issuance and validation of the certificates were complied with.
It is first contended that the City of Pompano Beach was devoid of authority under the constitution and laws of the State of Florida to issue said City Hall revenue certificates.
There is no merit to this contention. Chapter 24835, Special Acts of 1947, among other things, authorizes the City of Pompano Beach to issue and sell revenue bonds or certificates to provide funds to "finance, acquire, construct, improve and operate any utility, facility, enterprise, work, undertaking or project which said City is authorized by law to acquire, construct, improve and operate, and to provide that such revenue bonds and/or certificates and interest thereon shall be payable from the revenue to be derived by the City from the operation of same, or a combination of any or all of such utilities, facilities, enterprises, works, undertakings, or projects."
Chapter 24835, Special Acts of 1947, is the present city charter of the City of Pompano Beach. Other provisions of the charter authorize the city to construct buildings and public improvements of all kinds essential for municipal purposes. The certificates in question are proposed for the construction of a city hall which would seem to be a municipal purpose within the purview of Saunders v. City of Jacksonville, 157 Fla. 240, 25 So.2d 648, State v. City of Tallahassee, 142 Fla. 476, 195 So. 402 and State v. City of Pensacola, Fla., 43 So.2d 340.
It is next contended that the revenue certificates are in effect bonds which require an approving vote of the freeholders as specified in Section 6, Article IX of the Constitution, F.S.A., before they may be lawfully issued.
This contention is likewise devoid of merit. The record and the evidence show that the certificates do not impose a general obligation on the taxing power of the city to service them. They are payable solely from revenues derived from the franchise granted to the Florida Power and Light Company by the City and it is shown that these revenues are more than ample to retire them as they fall due. They are supported by no other pledge and there is not the remotest probability, or basis for pledging the taxing power to service them.
Other questions challenge, (1) the power of the City of Pampano Beach to enter into the contract to maintain its Florida Power and Light contract for the life of the certificates, (2) whether or not the members of the City Commission of Pompano Beach are required to sign all ordinances of the city and evidence their approval to them in writing, and (3) whether or not the certificates in question are such as authorize the city to proceed under Chapter 75, Florida Statutes 1941, F.S.A., to promulgate and validate them.
We have given due consideration to each of these contentions and we find no error in the decree appealed from as to them. *517 We therefore conclude that the city was fully authorized to issue the certificates, that they do not require an approving vote of the freeholders and that they are in all respects legal and properly validated.
The judgment appealed from is therefore affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.