DREW, Justice.
Pursuant to the provisions of Chapter 22963, Laws of Florida, Acts of 1945, as amended, the Board of County Commissioners of Dade County, Florida, acting as Dade County Port Authority (hereafter called the Authority), adopted a resolution providing for the issuance and sale of $925,000 of Special Fund Certificates for the purpose of raising revenue for the extension and development of Miami International Airport. The resolution authorizing the issuance of the certificates pledge?to the payment thereof the following revenues and grants:
“(a) All surplus revenues of Miami International Airport as defined in Section 514 of the Trust Agreement between Dade County Port Authority and Chemical Bank and Trust Company, dated July 1, 1947 and the supplement thereof dated July 1, 1949;
“(b) Also surplus revenues of the Port Authority deposited in the special fund designated as Miami International Airport Expansion and Development Fund;
“(c) All grants made by the United States as Federal participation in the project hereby authorized and enlarged and improved.
In the form of certificates to be issued described in the resolution it is provided:
“This certificate shall be payable solely from the sources designated in the resolution authorizing its issuance and from no other sources. It shall not be deemed to constitute a general obligation or debt of Dade County nor a pledge of its faith and credit, and Dade County shall not be obligated directly or indirectly, nor contingently, to: levy or pledge any taxes for its payments and it shall have no power to do so, nor may the holder of this certificate enforce it by a levy from any tax, nor shall it become a charge upon the property or the resources of the County or its taxpayers except from the funds specifically pledged for its payment.”
The appellant, Bessemer Properties, Incorporated, having agreed to purchase said certificates and to advance Authority the full principal amount thereof immediately and in cash upon the condition that a decree of a court of competent jurisdiction, affirmed by this Court, be rendered declaring such certificates to be legal obligations of the Authority, instituted these proceedings for a declaratory decree. The lower court, in its decree, declared said certificates to be legal and valid obligations of the Authority, payable from the sources above set forth; said decree expressly declared that such certificates were not general obligations or debts -of Dade County, nor a pledge of its faith and credit and that Dade County should not be obligated, directly or indirectly, nor contingently to levy or pledge any other or additional taxes than those described in the resolution and in the certificates above quoted and that such county shall have no power so to do nor may any holder of any certificate enforce the same by a levy of any tax, nor shall such certificates become a charge upon the property or the resources of the county or- its taxpayers, except from the funds hereinabove described.
We find no error in the decree of the lower court. The certificates are not bonds, as contemplated by Section 6 *649 of Article 9 of the F.S.A. Constitution. State v. Dade County, 157 Fla. 859, 27 So.2d 283; Miami Beach Airline Service v. Crandon, 159 Fla. 504, 32 So.2d 153, 172 A.L.R. 1425; Seaboard Air Line R. Co. v. Peters, Fla., 43 So.2d 448; State v. City of Miami, 113 Fla. 280, 152 So. 6; State v. City of Miami, 146 Fla. 266, 200 So. 535; State v. City of Tampa, 148 Fla. 6, 3 So.2d 484; State v. Florida Keys Aqueduct Commission, 148 Fla. 485, 4 So.2d 662; State v. City of Miami, 150 Fla. 270, 7 So.2d 146; State v. City of Key West, 153 Fla. 226, 14 So.2d 707; Gardner v. Fuller, 155 Fla. 833, 22 So.2d 150; State ex rel. Watson v. Caldwell, 156 Fla. 618, 23 So.2d 855; Zinnen v. City of Fort Lauderdale, 159 Fla. 498, 32 So.2d 162; State v. City of Winter Park, 160 Fla. 330, 34 So.2d 740.
Affirmed.
HOBSON, C. J., and THOMAS and ROBERTS, JJ., concur.