TERRELL, Acting Chief Justice.
January 24, 1956, the City of North Miami adopted Ordinance 574 providing for the issuance of Public Improvement Certificates, Series 1955, hereinafter referred to as “improvement certificates,” for the purpose of improving, widening and extending existing streets and for constructing new streets with curbs, gutters, sidewalks and storm drains. Pursuant to Chapter 75, Florida Statutes 1955, F.S.A., the City petitioned the Circuit Court to validate said improvement certificates. There were attached to the petition to validate, (1) Exhibit A, being a certified copy of Ordinance 516, authorizing the issuance of Public Improvement Certificates in the sum of $600,-000, payable from certain excise taxes $490,000 of which was outstanding; (2) certified copy of Ordinance 399, marked Exhibit B, imposing a tax on all cigarettes consumed or distributed within the City; (3) certified copy of Exhibit C, being the City’s budget for the fiscal year 1956; (4) certified copy of Ordinance 574 providing for issuance of the improvement certificates in question which were payable from revenue derived from the city utilities tax after all payments were made from said revenues to redeem public improvement certificates authorized by Ordinance 516, heretofore referred to. In the event the city utilities tax was insufficient to pay Improvement Certificates, Series 1955, the revenue from one-half the city cigarette tax was to be used for that purpose. Notice and order to show cause were duly entered, served and published. An answer was filed by the state attorney .on behalf of the state. After final hearing, the court entered judgment validating the improvement certificates. This appeal is from the final decree of validation.
It is first contended that the imprové-meht certificates proposed by Ordinance 574 are not authorized by the laws of the state and the City Charter and then the fact of whether or not they are bonds or im-provement certificates within the meaning *10 of Sections 54, 61, 63, 65, 67, 74, 77, 82 and 124(a) of the City Charter is challenged.
In support of this contention the City points out that Ordinance 574, authorizing the issuance of Public Improvement Certificates, Series 1955, shall be payable solely from the revenues derived by the City from its public utilities tax and from the revenues derived from one-half of its cigarette tax. They do not pledge the full faith and credit of the City to pay them and the improvement certificates so certify. State v. City of Lakeland, Fla., 42 So.2d 580; State v. City of Pensacola, Fla., 40 So.2d 569, and State v. Miami Shores Village, Fla., 60 So.2d 541; State v. City of Pompano Beach, Fla., 47 So.2d 515, are relied on to support this contention.
It is conclusively shown that the improvement certificates in question are not supported by the full faith and credit of the City but are supported solely by the city utilities tax and in the event that be inadequate, so much' of the cigarette tax as may be necessary to pay them may be used for that purpose. -The City’s fiscal agent, Haygood Clark, testified that the utilities tax alone would be ample to pay the old and the new improvement certificates. Some of the cited cases hold that revenue certificates issued for the purpose of constructing public works, payable solely from utility taxes are not “bonds” within the contemplation of Section 6, Article IX of the Constitution, F.S.A., requiring an approving vote of the freeholders. The authority of the City to issue them will be discussed in the following question.
The second point urged is whether or not Ordinance 574, authorizing the revenue certificates, stemmed from Section 135, Article X, of the City Charter, or should the City Council have proceeded under Sections 54, 61, 63, 65, 67, 74, 77, 82 and 124(a), City Charter.
Section 135, Article X, City Charter, shows on its face that an additional or alternative method for accomplishing the things authorized by the City Charter was intended and should be regarded as supplemental and additional to other powers conferred by law and that they were not in derogation of powers existing. The Council could elect to proceed under either method recited in the question. When it elected to proceed under Section 135, it naturally rejected the alternative method. Section 3, Article I, City Charter, authorizes the alternative method of procedure. Ordinance .574 pledged only the revenue from utilities tax and one-half the cigarette tax. Section 210.03, Florida Statutes 1955, F.S.A., authorized the excise tax on cigarettes by the City and the use of it as proposed in Ordinance 574. See State v. City of Coral Gables, Fla., 72 So.2d 48, and State v. City of North Miami, 73 So.2d 899. While the fiscal agent of the City testified that the utilities tax would be ample to service the improvement certificates in providing that ■ one-half the cigarette tax could be used for that purpose, the City made an additional safeguard to protect the holders of the revenue certificates. Section 3, Article I of the City Charter read in connection with Chapter 184, Florida Statutes, F.S.A., and Section 135, City Charter, is a complete answer to the challenge to power.
Appellant contends that North Shore Bank v. Town of Surfside, Fla., 72 So.2d 659, precludes the City of North Miami from issuing the revenue certificates proposed here. We do not think there is any merit to this contention; in fact the provisions of the Surfside charter inhibit the issuance of revenue certificates such as those involved here. Much is said about an election held to approve or disapprove Ordinance 574. It is shown that such an election was held and that the vote was 1,392 for approval and 303 for disapproval but such an election was not required; it was held as a policy measure and was nothing more than a gesture or “straw vote.” The circumstances did not require an election under Section 6, Article IX of the Constitution to *11 approve the certificates but the fact that one was held, resulting in affirmative action, adds strength to the security.
It is our view that the City of North Miami was authorized to issue improvement certificates pursuant to Ordinance 574 absent an approving, vote of the freeholders under Section 6, Article IX of the Constitution and that the power conferred on the City by Section 135, Article X of its charter was ample to enact Ordinance 574 so the decree of validation must be, and is hereby, affirmed.
Affirmed.
THOMAS, HOBSON, ROBERTS, THORNAL, O’CONNELL and BUFORD, JJ., concur.