QUESTION: Is a bond anticipation note issued pursuant to the laws of Florida and in particular s. 215.431, F.S., exempt from the intangible tax?
SUMMARY: Bond anticipation notes are "bonds," as that term is used in s. 199.072(1)(d), F.S., and are exempt from the Florida Intangible Tax. Your question is answered in the affirmative. The sample bond anticipation note enclosed with your letter indicates that the obligation of the municipality is secured by a prior lien upon and a pledge of the proceeds to be derived from the sale of revenue bonds. In the alternative, the note is secured solely by a prior lien upon and a pledge of the gross revenues of the city's sewer system, a prior lien upon and a pledge of surplus water revenues, and a lien and a pledge of the proceeds of the city's municipal cigarette and franchise taxes. The note is not a general obligation of the city pledging its full faith and credit nor can the holder of the note compel payment by exercise of the city's ad valorem tax power. The discussion herein will be based upon the sample obligation. Section 199.072, F.S., provides in pertinent part: (1) The following intangible property shall be exempt from the tax imposed by this chapter: (d) Bonds of the several municipalities, counties and other taxing districts of the state, and bonds of the United States government and its agencies; Your question is whether a bond anticipation note is a "bond" as that term is used in s. 199.072(1)(d). The term bonds is nowhere defined in Ch. 199, F.S., and therefore resort must be made to other statutes and judicial decisions to determine the scope of the term. Bond is generally considered a generic term and includes any written obligation to pay money; in form and effect, "bonds" are promissory notes. [See] 4 Fla. Jur. Bills, Notes, etc. s. 24 (1969); Fla. Jur. Words and Phrases Bond (1965); Whitney Law of Modern Commercial Practices s. 324 (1965); see Words and Phrases, "Bond" for innumerable judicial decisions construing the term to indicate any written evidence of indebtedness. Section 199.072(1)(d), supra, must be read in pari materia with other statutes authorizing and defining the bonds that are the subject of the intangible tax exemption. State ex rel. Orrell v. Johnson,147 So. 254 (Fla. 1933). Section 166.111, F.S., authorizes municipalities to borrow money and issue "bonds," as that term is defined by s. 166.101(1), F.S.: "The term `bond' includes bonds, debentures, notes, certificates, or other obligations or evidences of indebtedness of any type or character." Section 215.43(2), F.S., specifies the procedure for execution of public securities referring to them collectively as bonds. Section 215.43(1)(c), F.S., defines bonds to include:
. . . all bonds, notes, certificates and other similar obligations and securities of a unit whether payable in whole or in part from the proceeds of ad valorem taxes, revenues, or any other source. See also s. 215.58(10), F.S. (State Bond Act), s. 159.27(1), F.S. (Florida Industrial Development Financing Act), and s. 159.44, F.S. (Industrial Development Authorities), for equally comprehensive definitions of bonds. The bond anticipation notes in question are in all legal respects the same as "revenue bonds," the only difference being the name. The manner of execution, the source of security for the notes, and the limitation on the credit and taxing power of the issuing governmental unit are precisely the same as a revenue bond. See ss. 166.101(4) and 159.02(6), F.S., for statutory definitions of revenue bonds. The Florida Supreme Court in State ex rel. Orrell v. Johnson, 147 So. 254
(Fla. 1933), recognized this concept holding that certificates of indebtedness issued by a district in anticipation of a later bond issue were bonds of the district and the holders of the certificates had the status and rights of bondholders. See also Leonard v. Franklin, 93 So. 688 (Fla. 1922). It is the substance and function of an instrument that determines whether it is a bond rather than merely the label given it. This is demonstrated by the numerous Supreme Court decisions holding that a purchase money mortgage, assumption of a mortgage, or any scheme of financing by whatever label obligating the ad valorem taxing power or pledging the full faith and credit of the governmental unit is a bond within the meaning of Art. VII, s. 12, State Const., requiring approval by the electors. Nohrr v. Brevard County Educational Fac. Auth., 247 So.2d 304 (Fla. 1971); Hollywood, Inc. v. Broward County, 90 So.2d 47 (Fla. 1956); Leon County v. State,165 So.2d 666 (Fla. 1936); AGO's 073-164 and 073-261. There is no indication that the term bonds, in s. 199.072(1)(d), supra, is restricted to bonds in the constitutional sense. The Supreme Court has long recognized a distinction upholding various bond issues but finding them not to be within the class of bonds needing electorate approval pursuant to the Constitution. State v. City of Miami,76 So.2d 294 (Fla. 1954); City of Orlando v. State, 67 So.2d 673
(Fla. 1953); State v. City of Winter Park, 34 So.2d 740 (Fla. 1948). The use by the Legislature of the comprehensive term bonds would indicate an intent to include everything embraced within the term. [See] 30 Fla. Jur. Statutes s. 81 (1974). It was surely the legislative intent that the forms of public obligations discussed herein be exempt from the intangible tax in the same manner that they are exempt from the state and federal taxes. See s. 159.15, F.S. It is my opinion that, until otherwise legislatively or judicially clarified or determined, bond anticipation notes are "bonds" within the meaning of s. 199.072(1)(d), supra, so as to be exempt from the intangible tax.